UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KASSANDRA VANDEVER, On Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>RATEGENIUS LOAN SERVICES, INC. and THE SAVINGS GROUP, INC.,<br><br>    Defendants. | Case No. : 1:23-cv-00279<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Kassandra Vandever (the "Plaintiff"), on behalf of herself and a putative class of similarly situated former employees as defined herein, brings this suit against RateGenius Loan Services, Inc. ("RateGenius"), and The Savings Group, Inc. ("Savings Group"), by way of this Class Action Complaint against Defendants, allege as follows:

**NATURE OF THE ACTION**

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendant RateGenius and Savings Group, her employers for WARN Act purposes.

2. On or about January 11, 2023, RateGenius and Savings Group made a mass layoff by, unilaterally and without notice, terminating approximately 139 employees at its Austin, TX facility, located at 9300 United Drive, #180, Austin, TX, without any notice to employees or staff.

1

3.  RateGenius and Savings Group failed to provide 60 days advance written notice as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* to the affected employees.

4.  On January 11, 2023, RateGenius and Savings Group informed the affected employees that their services would no longer be required and that they were not required nor allowed to report for work.

5.  RateGenius and Savings Group's reduction in forces constituted a mass layoff or plant closing which became effective on that same day—January 11, 2023. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

6.  This Court has Jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

8.  Plaintiff Kassandra Vandever is a citizen of the United States and resident of Bowie County, Texas. Plaintiff Vandever was employed by RateGenius since April 4, 2022. Plaintiff is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

9.  Defendant RateGenius is a Texas corporation with its principal place of business at 9300 United Dr., #180, Austin, TX 78758, located in the Austin Division of the Western District of Texas. Defendant RateGenius may be served via its registered agent for service of process, Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, TX 75201.

10. Defendant The Savings Group is a Colorado corporation with its principal place of business located in Denver, Colorado. The Savings Group, Inc., is the parent company of RateGenius.

11. Collectively, RateGenius and Savings Group are the responsible entities for the operation of the facility located at 9300 United Dr., #180, Austin, TX 78758 and one or all of such entities employed the affected employees of RateGenius and Savings Group and as a result these entities are jointly and severally liable for the actions alleged in this complaint.

## FACTS

12. RateGenius is a nationwide vehicle refinance platform that connects consumers with lending partners.  Savings Group is the parent company of RateGenius.

13. On or about January 11, 2023, without notice or warning, RateGenius and Savings group informed, by written documents and verbal communications, certain employees at its Austin, TX location that it was abolishing positions and terminating their employment effective that same day and that terminated employees would perform no additional compensated services.

14. On that same day, Savings Group filed an announcement, signed by Chief Legal Officer James Potts of Savings Group, with the Texas Workforce Commission, advising that 139 employees of RateGenius located at the Austin, TX facility were expected to be separated from employment on January 11, 2023.

15. Upon information and belief, additional layoffs occurred that were substantially related to the January 11, 2023, layoffs that must be aggregated with the January 11 layoffs.

16. Savings Group and RateGenius did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

17. Upon information and belief, no circumstances existed that would have permitted Savings Group and RateGenius from reducing the notification period as provided in 29 U.S.C. § 2102(b).

18. By failing to provide its affected employees who were temporarily or permanently terminated on or around January 11, 2023, with WARN Act Notices and other benefits, Defendants have acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

19. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of RateGenius and/or The Savings Group at the Austin, TX facility who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of January 11, 2023.

20. Class Action treatment of WARN Act claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action elements can be established. Specifically,

    a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

    b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

    c. Plaintiff is a member of the class, and their claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

    d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

21. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

22. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only

individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101,** *et seq.*
**COUNT I**
**(WARN Act)**

24. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

25. RateGenius and Savings Group are "employers" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

26. Plaintiff and those she seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

27. The January 11, 2023, permanent layoffs of at least 139 employees at the Austin facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

28. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Austin, TX facility constitutes a single site of employment in that the Austin, TX facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

29. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such

closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).  Groups of smaller layoffs within 90 days of any given WARN Act layoff may be aggregated together.  29 C.F.R. § 639.5(a)(1)(ii).

30. On information and belief, prior to January 11, 2023, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give any *prior* written notice to the Texas Workforce Commission, or to the chief elected official of the local government within which the mass layoff was ordered.  Rather, they waited until the same day to do so.

31. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about January 11, 2023, and which was continuing as of the filing of this complaint.

32. As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

33. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102.  *See* 29 U.S.C. § 2104(5).

34. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2. A declaration that Defendants have violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those she seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 14, 2023                                     Respectfully submitted,

                                                          */s/ Joe Kendall*
                                                          JOE KENDALL
                                                          Texas Bar No. 11260700
                                                          **KENDALL LAW GROUP, PLLC**
                                                          3232 McKinney Avenue, Suite 700
                                                          Dallas, Texas 75204
                                                          214-744-3000 / 214-744-3015 (Facsimile)
                                                          jkendall@kendalllawgroup.com

                                                          Samuel J. Strauss*
                                                          Raina C. Borrelli*
                                                          **TURKE & STRAUSS LLP**
                                                          613 Williamson St., Suite 201
                                                          Madison, WI 53703
                                                          T: (608) 237-1775 / F: (608) 509-4423
                                                          sam@turkestrauss.com
                                                          raina@turkestrauss.com

                                                          J. Gerard Stranch, IV*
                                                          Michael C. Iadevaia*
                                                          **STRANCH, JENNINGS & GARVEY, PLLC**
                                                          223 Rosa L. Parks Avenue, Ste. 200
                                                          Nashville, Tennessee 37203
                                                          Telephone: (615) 254-8801
                                                          gstranch@stranchlaw.com
                                                          miadevaia@stranchlaw.com

Lynn A. Toops*
Amina A. Thomas*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*Counsel for Plaintiff and the Proposed Class*

**\* *Pro Hac Vice* applications to be submitted**